UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:05CV-190-M

GEORGE C. COMBS
MARY COMBS                                                                                             PLAINTIFFS

V.

T.J. SAMSON COMMUNITY HOSPITAL,
GILMAN PETERSON, M.D.,
PAUL BUNN, M.D.,
GILMAN PETERSON, JR., M.D., P.S.C.                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon motions by Defendants [DN 8, 9] to either dismiss this action for lack of subject matter jurisdiction or to allow for leave to take discovery solely as to the issue of Plaintiff's domicile. Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's Motion to Dismiss is **DENIED**, but their request to engage in further discovery is **GRANTED.**

**I. STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual

allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

## II. BACKGROUND

This case arises out of a medical negligence action brought by Plaintiff, George C. Combs[1] ("Mr. Combs") against Defendants, T.J. Samson Community Hospital; Gilman Peterson, M.D.; Paul Bunn, M.D.; and Gilman Peterson, Jr., M.D., P.S.C. In his Complaint, Mr. Combs asserts that he and his wife, Mary Combs ("Mrs. Combs"), are Florida domiciliaries. The Complaint also notes that all the Defendants are Kentucky domiciliaries

---

[1] George's wife, Mary Combs, also brings a cause of action against the Defendants for loss of consortium and companionship.

and that the amount in controversy requirement has been met, thus bestowing diversity jurisdiction on the Court. Defendants dispute that Plaintiff is a Florida domiciliary and file this motion requesting that either the Complaint be dismissed or that they be allowed to engage in further discovery restricted to the issue of Mr. Combs' domicile.

     The Plaintiffs submitted a response in which they indicated that Mr. Combs is currently domiciled in Florida and has been so for several years. The Combses, lifelong friends, married in Florida on September 9, 2000. While Mrs. Combs had lived in Florida for many years prior to their marriage, Mr. Combs lived in Kentucky and took care of Mrs. Combs' father during the latter portion of her father's life. After their marriage, the Combses claim to have settled in Florida, while still traveling periodically to Kentucky for extended periods of time. It was during one of these extended trips to Kentucky when the alleged medical negligence occurred. The Combses had resided in Kentucky since February of 2004, and by August Mr. Combs began to experience cramping in his left leg. He decided to have surgery in Kentucky on November 11, 2004. He claims that he has never fully recovered from the surgery and remains on a morphine pump. The Combses returned to Florida in early November of 2005, prior to their filing of the Complaint on November 8th. At this time, the Combses claim to have no intention of leaving Florida, even temporarily, as Mr. Combs' health will not currently allow him to travel. Though Mr. Combs still technically owns property in Kentucky, his home was badly burned in the 1990s, and he claims that it is his intent to transfer the property to a friend, to whom he already claims to have sold the property.

## III. DISCUSSION

In their motion, the Defendants argue that Mr. Combs is a Kentucky domiciliary, or, at the very least, that it would be premature to conclude that he is a Florida domiciliary at this point in the litigation. In support of that argument, Defendants contend that Plaintiff has a Kentucky driver's license and owns property in Kentucky. They also argue that though the Plaintiffs set forth certain persuasive facts in arguing that Mr. Combs is a Florida domiciliary, they failed to address such matters as voter registration, state tax returns, and motor vehicle registration.

A domicile is established by (1) physical presence in the state, and (2) an intent to remain there indefinitely, or the absence of an intent to go elsewhere. 13A Wright, Miller & Cooper, Federal Practice and Procedure Civil § 3613 (2d ed. 1984). The concept of domicile is distinct from residence.

> Generally, an individual's "domicile" is his "true, fixed, and permanent home and principal establishment." It is the place to which he returns whenever he is absent. "Residence," in contrast, requires both physical presence and an intention to remain some indefinite period of time, but not necessarily permanently. Thus, domicile is an individual's permanent place of abode where he need not be physically present, and residence is where the individual is physically present much of the time. An individual consequently may have several residences, but only one domicile.

Eastman v. Univ. of Michigan, 30 F.3d 670, 672-73 (6th Cir. 1994) (citations omitted). The determination of a litigant's state citizenship, or domicile, for purposes of diversity jurisdiction is a matter of federal law. Stifel v. Hopkins, 477 F.2d 1116, 1120 (6th Cir.1973). However, "federal courts may look to state law for guidance in defining terms, formulating

concepts, or delineating policies." Id. In assessing whether a given domicile creates federal diversity jurisdiction, the relevant time is the point at which the Plaintiff filed the Complaint. Freeport-McMoRan, Inc. v. K.N. Energy, Inc., 498 U.S. 426, 428 (1991). Also, "a married woman can have a legal domicile separate from that of her husband." Napletana v. Hillsdale College, 385 F.2d 871, 873 (6th Cir. 1967).

"The court has very broad discretion to determine the manner in which the issue of domicile will be considered. The judge may decide the question on the basis of the pleadings, affidavits of the parties, and available depositions, or he may call for a full evidentiary hearing to receive additional testimony." 13A Wright, Miller $ Cooper, supra § 3612. Courts take into account factors such as "current residence; voting registration and voting practice; location of personal and real property; location of brokerage and bank accounts; membership in unions; fraternal organizations, churches, clubs, and other associations; place of employment or business, driver's license and automobile registration; payment of taxes...No single factor is conclusive." Id. "A party's own declarations concerning his domicile, as is true of any self-serving statement, are subject to judicial skepticism. They are accorded little weight when in conflict with the facts." Id. See also Mallon v. Lutz, 217 F. Supp. 454, 456 (E.D. Mich. 1963) ("physical presence alone is not determinative of domicile and self-serving declarations of intent may be negatived by other acts inconsistent with such pronouncements"). Proper determination of domicile is of the utmost importance because a federal court may not resolve the merits of a case until it is certain that it has proper subject-matter jurisdiction over the controversy. Christianson v. Colt

Indus. Operating Corp., 486 U.S. 800, 818 (1988).

Here, the Plaintiffs have set forth facts to support their contention that Mr. Combs is a Florida domiciliary. The Defendants, however, have raised issues such as Mr. Combs' Kentucky drivers license which suggest that Mr. Combs' claim of being a Florida domiciliary may be self-serving. At this time, the Court finds that it would be premature to definitively conclude that Mr. Combs is a Florida domiciliary. Thus, the Court is not certain that it has subject matter jurisdiction over this action. Defendants shall have until March 1, 2006 to take discovery on the limited issue of Mr. Combs' domicile. Defendants shall file a supplemental brief relating to the discovery on or before March 15, 2006. Response and reply times shall be governed by the local rules.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DN 8, 9] is **DENIED**, but their request to engage in further discovery is **GRANTED**.

cc: counsel of record
05cv-190Combs